**IN THE COURT OF APPEALS OF IOWA**

No. 15-0668
Filed July 22, 2015

**IN THE INTEREST OF C.S., C.S.,
and W.Y.,
　　Minor Children,**

**W.Y., Father,**
　　Appellant,

**K.Y., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Monroe County, William S. Owens,

District Associate Judge.


　　A mother and father separately appeal the termination of their parental

rights to three children. **AFFIRMED ON BOTH APPEALS.**


　　Julie R. De Vries of De Vries Law Office, Centerville, for appellant-father.

　　Robert F. Bozwell Jr. of Bozwell Law Office, Centerville, for appellant-

mother.

　　Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, Steven Goodlow, County Attorney, and John A. Pabst, for

appellee.

　　Debra A. George of Griffing & George Law Firm, Centerville, attorney and

guardian ad litem for minor children.

　　Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

A mother and father appeal the termination of their parental rights to three children claiming the juvenile court prematurely scheduled the termination hearing and termination is not in the best interests of the children. The mother also claims there was insufficient evidence in the record to establish the children could not be returned to her care. The father claims the juvenile court failed to consider the impact of terminating the close relationship he has with the children. We find the juvenile court relied on clear and convincing evidence in terminating the parties' parental rights and affirm.

## I.     BACKGROUND FACTS AND PROCEEDINGS

The children, C.S., C.S., and W.Y., were born in 2002, 2003, and 2006, respectively. The family first came to the attention of the Iowa Department of Human Services (DHS) in 2005 due to allegations of substance abuse by the parents. A child-in-need-of-assistance (CINA) action was initiated, but was later successfully closed in 2007 and the children were returned to their parents. A second CINA action was initiated in 2009 due to similar substance abuse concerns. After the parents participated in months of services, the case was closed and the children were again returned to their parents' custody. The present case stems from DHS's involvement with the family in January 2013 concerning the parents' use of alcohol and methamphetamine in the presence of the three children. At that time, the children were residing with their father.

On May 6, 2013, the children were adjudicated CINA pursuant to Iowa Code section 232.2(6)(c)(2) (2013), and legal custody of the children was placed

with DHS. A dispositional order was filed on in September 2013, and legal custody of the children remained with DHS for placement in foster care. Review hearings were held on December 9, 2013 and March 10, 2014; a permanency hearing was held on April 14, 2014. Prior to the permanency hearing, the parties received a case permanency plan. The plan concluded with recommendations from the social worker assigned to the case:

> The parents will have either done well and continued to move forward in their visits, etc., or they won't have. If they haven't made significant progress by that time, DHS will need to make a permanent recommendation for the boys. The three boys need to remain together. In the next three months a potential guardian for the children needs to be identified. If parents both return to using substances including alcohol, termination of parental rights needs to be considered.

In its permanency order, the juvenile court adopted the information contained in the case permanency plan. The parents were granted up to an additional six months to work toward reunification. The court scheduled a permanency review hearing for July 7, 2014.

In late June, DHS produced a report in preparation of the permanency hearing recommending termination of parental rights. In the report, DHS noted the father had been unsuccessfully discharged from substance abuse treatment after he provided a positive drug test for methamphetamine. Concerning the mother, on an unannounced visit to the mother's residence in late April, a social worker noticed the mother had a twenty-four pack of beer, which the mother admitted to consuming at that time. In late May, the same social worker received information the mother allowed known drug dealers in her residence.

On July 7, the State filed a petition to terminate the parents' rights to the three children. On that same date, the court issued an order finding the parties agreed the permanency review and termination hearing should be held concurrently. The court set a hearing date for September 29. On September 29, the court learned the State did not perfect service on the parents for the termination hearing. The court reset the permanency review and termination hearing for October 20. On October 20, the court issued an order noting it had heard some evidence concerning the permanency review and termination of parental rights, but an additional hearing was necessary. The court set the remainder of the hearing for December 1.

After concluding the hearing on December 1, the court entered an order on March 31, 2015, terminating the mother's and father's parental rights pursuant to Iowa Code section 232.116(1)(f). In its order, the court noted since the children's removal, the following services had been provided: court ordered supervision of the family, foster care services for the children, mental health services, substance abuse treatment services (including residential treatment), individual and family therapy, medication management, AA/NA meetings and sponsors, parent partner program, random drug testing, supervision services for visits, Family, Safety, Risk and Permanency (FSRP) services, family team meetings, family treatment court services, and other court ordered services. The court reasoned:

> In this case, the parents have been offered numerous services to assist them in having the children returned to their custody. Those services span a period of many years as this is the third occasion that one or more of the children have been

adjudicated as a Child in Need of Assistance based on parental substance abuse. The parents have participated in numerous substance abuse treatment programs including residential treatment, but they have continued to use drugs and/or alcohol. Based on the evidence presented at the hearing, there are actually more concerns about the parents and their ability to safely provide for the children now than when the department became involved in March 2013. It is clear that despite the years of services the parents' history of substance use, personal and financial instability, and untreated mental health have not been addressed sufficiently to make it possible for the children to be placed with the parents now, or in the foreseeable future.

Both the mother and father separately appeal.

## II.    STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III.   DISCUSSION

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the

statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A.     The Timing of the Termination Hearing

The mother and father both claim the district court prematurely scheduled the termination hearing, and the court should not have held the termination hearing and the permanency hearing at the same time. Neither parent objected to the court scheduling these proceedings on the same date. Neither parent filed a motion to continue or bifurcate the proceedings. Neither party objected the proceedings were premature. Finally, neither parent raised this issue at the termination/permanency proceeding, or offered any evidence on the potential prejudice caused by holding the two proceedings at the same time. Therefore, we find error has not been preserved for this issue on appeal. *State ex rel. Miller v. Vertrue, Inc.*, 834 N.W.2d 12, 20–21 (Iowa 2013) ("Our error preservation rules provide that error is preserved for appellate review when a party raises an issue and the district court rules on it.").

Even if error had been preserved on this issue, we would find holding a concurrent permanency/termination hearing is not barred by our statutory scheme. Additionally, we would find the hearing was not premature as the permanency order granted the parents "up to" an additional six months conditioned on the parents' sobriety—the DHS plan, incorporated by the court, recommended termination after three months if the parents had not made progress. The parents did not make progress—they actually regressed by

resorting to substance abuse—therefore the court properly scheduled the termination hearing.

### B.    Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. To terminate parental rights under section 232.116(1)(f), the State must show the child is four years or older, has been adjudicated in need of assistance, has been removed from the home for a requisite period of time, and the juvenile court could not return the child to the parent's custody at the present time pursuant to section 232.102. Without citation, the mother appears to challenge the fourth ground, claiming there was not clear and convincing evidence the child could not be returned to her care at the time of the termination. Iowa Code § 232.116(1)(f)(4).

The juvenile court found the children could not be returned to the mother's care due to DHS's ongoing concerns related to her use of alcohol and her relationship with her current paramour. The mother was charged with domestic abuse in August 2014 regarding an incident with her paramour. The charge was eventually dismissed, but DHS noted it highlighted issues with the mother and paramour's relationship. Finally the children have not resided with the mother since December 2012. We agree with the juvenile court's reasoning. The mother has been provided services for years and still resorts to her old habits. We find the children could not be returned to the mother's care at the time of the termination hearing and affirm.

## C. Best Interests of the Child.

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2).

Both the mother and father claim termination is not in the best interests of the children. For the reasons stated by the juvenile court above, we believe it is in the best interests of the children to terminate the parents' parental rights. The guardian ad litem supports termination and believes it is in the children's best interests. The children have been out of their parents' care for more than a year, and there is evidence supporting the fact the children will be adopted without difficulty. Therefore, termination is in the children's best interests.

## D. Closeness of the Parent-Child Relationship

The father argues, without proper citation, termination would not be proper due to the closeness of his relationship with the children. Even though the court may determine that termination is appropriate under section 232.116(2), the court need not terminate a parent's parental rights if any of the circumstances contained in section 232.116(3) exist. Section 232.116(3) provides, in relevant part:

> The court need not terminate the relationship between the parent and child if the court finds any of the following:
>     . . . .

c. There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.

"Iowa's statutory scheme recognizes the conflict between a parent's interest in continuing to raise their child as part of their family and the State's interest in providing a stable, loving homelife for the child as soon as possible." *P.L.*, 778 N.W.2d at 38. While a parent's interest in raising his children is an important interest, "[t]he State's interest in providing a stable, loving homelife for a child as soon as possible is just as important an interest." *Id.* The father has received services for years, and just like the mother, returns to his old habits of substance abuse. These children need a "stable, loving homelife" now and can no longer wait for their father to become sober and provide a safe and stable environment for the children. We find the juvenile court properly terminated the father's parental rights.

## IV. Conclusion.

The mother's and father's claim concerning holding the permanency proceeding and termination hearing at the same time was not preserved for our appellate review. There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(f), termination of the mother's and father's parental rights is in the child's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the mother's and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**